UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAUL OCAMPO, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 12-10402-FDS |
| GARY RODEN, | ) ) ) | |
| Respondent. | ) ) | |

MEMORANDUM AND ORDER
ON RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus by a person in state custody. Petitioner Saul Ocampo pleaded guilty to three counts of trafficking cocaine in Massachusetts state court on September 2, 2005. He was sentenced to ten years and one day in prison. He now seeks habeas relief pursuant to 28 U.S.C. § 2254.[1] Respondent has moved to dismiss the petition as time-barred. For the reasons set forth below, the motion will be granted.

---

[1] It is a jurisdictional prerequisite for federal habeas corpus review of a state prisoner's conviction that petitioner's challenge goes to the legality of custody, and that it be based on a claim that custody was imposed "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3), 2254(a). In this case, it is not clear that this jurisdictional prerequisite has been met. Petitioner asks the Court for two alternate forms of relief: either an order that the Commonwealth return all of his property, or an order finding his guilty plea to be void. The first of these forms of requested relief clearly does not seek relief concerning his conviction or confinement, and therefore cannot be addressed through a petition under § 2254. The second, however, could be understood as a challenge to the validity of the plea agreement. Accordingly, the Court will interpret the petition as asserting that there has been a material breach of the plea agreement, and that this breach renders the plea involuntary and constitutionally infirm.

I.      **Factual Background**

    A.      **State Proceedings**

On August 17, 2004, Saul Ocampo was indicted in Suffolk County Superior Court for three counts of trafficking cocaine. On September 2, 2005, he pleaded guilty to all three counts pursuant to a plea agreement.[2] The Superior Court sentenced Ocampo to ten years and one day in state prison on each count, to be served concurrently. He is currently incarcerated at MCI-Norfolk.

On September 19, 2005, Ocampo wrote a letter to his attorney concerning the return of property, mostly jewelry, that police seized during his arrest. He asked his attorney how to retrieve his property from the Commonwealth, and whether the attorney could file a motion with the court to have the items returned to him. On March 1, 2006, Ocampo sent his attorney a second letter regarding the same subject. He wrote, "I am writing to you in regards to my property that was confiscated by police that I would like returned to me. I am officially giving you authorization to retrieve my property. . . . I would greatly appreciate your aid and response in this matter." The petition does not indicate whether Ocampo's attorney responded to these letters.

On February 14, 2008, Ocampo filed a *pro se* motion in Superior Court for the return of property that he alleged police seized from his person and his apartment during his arrest. On March 3, and April 4, 2008, the Superior Court held hearings regarding the motion, and at the second hearing, the court denied the motion. On April 10, 2008, Ocampo filed a motion for reconsideration, which the Superior Court denied the next day.

---

[2] Neither petitioner nor respondent has provided the Court with a copy of the plea agreement.

Ocampo filed a timely notice of appeal with the Massachusetts Appeals Court on May 5, 2008. On June 26, 2009, the Appeals Court vacated the Superior Court's order and instructed the Commonwealth to return the property "forthwith." *Commonwealth v. Ocampo*, 74 Mass. App. Ct. 1121 (2009). Approximately one month later, the Superior Court ordered the Commonwealth to return the property.

On June 22, 2010, the Commonwealth returned part of the seized property to a recipient designated by Ocampo. On October 21, 2010, he filed a motion to enforce his plea agreement in the Superior Court, requesting that the Commonwealth return to him two gold bracelets and three gold rings, or that the Commonwealth issue him a check for the value of the property. On November 2, 2010, the Superior Court denied the motion and found that "the jewelry which [Ocampo] mention[ed] was never seized" and "[Ocampo] ha[d] recovered all of the possessions" to which he was entitled.

Ocampo appealed the Superior Court's decision. On December 7, 2011, the Appeals Court affirmed the Superior Court's judgment. The Appeals Court found no error in the Superior Court's finding that Ocampo had recovered all of the possessions to which he was entitled. *Commonwealth v. Ocampo*, 81 Mass. App. Ct. 1102 (2011).

On December 20, 2011, Ocampo filed an application for further appellate review of the Appeals Court's decision. On February 3, 2012, the Supreme Judicial Court denied the application. *Commonwealth v. Ocampo*, 461 Mass. 1107 (2012).

B.    **Federal Proceedings**

On March 2, 2012, Ocampo filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief based on a single claim. He contends that the

Commonwealth violated his plea agreement and breached its duty to return all personal property to him under "state and federal rights."  He seeks an order compelling the Commonwealth to return all of his property, thereby enforcing the plea agreement, or an order vacating his guilty plea.  As discussed above, only the second form of relief is available by means of this petition.

Respondent has moved to dismiss the petition on the basis that it is time-barred under the statute of limitations.  28 U.S.C. § 2244(d).

## III.   Analysis

### A.   Statute of Limitations

Federal law establishes a one-year statute of limitations period for federal habeas corpus petitions filed under section 2254.  28 U.S.C. § 2244(d)(1).  In relevant part, the statute provides that the limitations period begins to run on "the date on which judgment became final by the conclusion of direct review or the *expiration of the time for seeking such review*."  *Id*. § 2244(d)(1)(A) (emphasis added).  The text of section 2244(d)(1)(A) consists of two prongs, and each prong "relates to a distinct category of petitioners."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012).  For petitioners who pursue direct review all the way to the Supreme Court, the judgment becomes final at "'the conclusion of direct review' – when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari."  *Id*.  For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review' – when the time for pursuing direct review in [the Supreme] Court, or in state court, expires."  *Id*. at 653-54.  Where a petitioner does not appeal to the state's highest court, "his judgment becomes final when his time for seeking review with the State's highest court expired."  *Id*. at 654.

Under Massachusetts law, "a guilty plea constitutes a final conviction."  *Morin v.*

*Massachusetts*, 598 F. Supp. 2d 165, 166 (D. Mass. 2009) (citing *Commonwealth v. Balliro*, 437 Mass. 163, 166 (2002)). "A criminal defendant has 30 days after the entry of a conviction to file an appeal in Massachusetts." *Id.* at 167 (citing Mass. App. R. 4(b)). Therefore, if a defendant does not file an appeal, the one-year limitations period with respect to the right to file a habeas corpus petition begins to run 30 days after the entry of his conviction. 28 U.S.C. § 2244(d)(1)(A); *id*.

Here, the statute of limitations bars the petition. Petitioner pleaded guilty to three counts of trafficking cocaine in state court on September 2, 2005. The Superior Court sentenced him on the same day. Petitioner had until October 3, 2005 to file an appeal in state court. Mass. App. R. 4(b).[3] He did not file an appeal before that date. Thus, the one-year limitations period with respect to petitioner's right to file a federal habeas corpus petition began to run at the expiration of the time for seeking direct review, on October 3, 2005. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez*, 132 S. Ct. at 653-54. Absent any tolling, petitioner's right to file a federal habeas corpus petition expired one year from that date, on October 3, 2006. 28 U.S.C. § 2244(d)(1)(A). Petitioner did not file a federal habeas corpus petition until March 3, 2012, more than five years past the statutory deadline. Accordingly, absent statutory or equitable tolling, the statute of limitations bars the petition. *Id.*; *Gonzalez*, 132 S. Ct. at 653-54; *Morin*, 598 F. Supp. 2d at 167.

**B.     Equitable Tolling**

Petitioner contends that the limitations period has not expired because equitable tolling is appropriate. He contends that equitable tolling is warranted for two primary reasons: (1) he diligently wrote letters to his attorney requesting the return of his property during the limitations

---

[3] Under Mass. R. App. P. 4(b), petitioner's deadline for appeal was October 2, 2005. Because that date fell on a Sunday, the following Monday, October 3, 2005, is the appropriate deadline.

period, and (2) the Commonwealth's refusal to return his property in accordance with his plea agreement delayed his timely filing.[4] The Court will address each of these claims in turn.

In appropriate cases, the limitations period set forth in the statute may be subject to equitable tolling. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for [s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Neverson v. Farquharson*, 366 F.3d 32, 41 (1st Cir. 2004). Only properly filed applications for state collateral or post-conviction relief toll the limitations period; state relief sought after the expiration of the limitations period will not reset or revive it. *See Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005); *Dunker v. Bissonette*, 154 F. Supp. 2d 95, 103 (D. Mass. 2001).

The party moving for equitable tolling bears the burden of establishing a basis for it. *Neverson*, 366 F.3d at 41. In *Holland v. Florida*, the Supreme Court noted that in order to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (citation omitted). As to the first prong, "reasonable diligence" is required, not "maximum feasible diligence." *Id.* at 2565 (citation omitted); *Drew v. MacEachern*, 620 F.3d 16, 23 (1st Cir. 2010). Equitable tolling should be invoked "only sparingly." *Neverson*, 366 F.3d at 42 (citation omitted).

In *Holland*, petitioner wrote "numerous letters" to his attorney during the limitations period, providing directions and seeking information, such as "please file my 28 U.S.C. 2254

---

[4] Petitioner does not squarely raise an ineffective assistance-of-counsel claim in his petition and therefore the Court will not consider it.

writ of Habeas Corpus petition," and "have you begun preparing my 28 U.S.C. § 2254 writ of Habeas Corpus petition?" *Holland*, 130 S. Ct. at 2556, 2565.  In addition, the petitioner in *Holland* "repeatedly contacted the state courts, their clerks, and the Florida State Bar Association" in an effort to pursue his case.  *Id*. at 2565.  Based on these actions, the Supreme Court suggested that petitioner was reasonably diligent.  *Id.*  The *Holland* court remanded the case to the lower courts to determine whether counsel's conduct, specifically his failure to research filing deadlines and file the federal habeas petition in a timely fashion (despite the petitioner's instructions), his failure to provide petitioner with information regarding his case, and his failure to communicate with petitioner, rose to the level of "extraordinary circumstances."  *Id*.

      Here, petitioner likens his case to *Holland*.  He contends that his petition is subject to equitable tolling because he wrote two letters to his attorney requesting the return of his property within the one-year limitations period.  This circumstance fails to satisfy the two-part equitable tolling standard established in *Holland*.  First, petitioner has not demonstrated that he pursued his rights diligently during the limitations period.  *Id.* at 2562; *Drew*, 620 F.3d at 23.  On September 19, 2005, before the limitations period began, he wrote to his attorney asking about his property.  He wrote to his attorney a second time, on March 1, 2006, within the limitations period.  After the two letters, petitioner did not contact his attorney and did not seek state post-conviction or collateral review.  Unlike the petitioner's persistent efforts in *Holland*, Ocampo did not contact the state courts or take any action until February 14, 2008, almost two years after his last letter to his attorney on the subject.  *Holland*, 130 S. Ct. at 2565.  His various filings in the Superior Court, Appeals Court, and Supreme Judicial Court in 2008 and after may not reset his

one-year limitations period.  *See Cordle*, 428 F.3d at 48 n.4; *Dunker*, 154 F. Supp. 2d at 103. Petitioner's failure to take action throughout the limitations period demonstrates a lack of reasonable diligence in pursuit of his rights.  *See Holland*, 130 S. Ct. at 2563.

Second, petitioner has not demonstrated that an "extraordinary circumstance" prevented the timely filing of a petition.  *Id.* at 2562.  Unlike *Holland*, petitioner's letters to his attorney do not specifically refer to or request filing of a federal habeas corpus petition.  *Id.* at 2556, 2565. Petitioner asked in his first letter whether counsel could file a motion with the court to have his property returned to him.  In the second letter, he again asked for his belongings to be returned, but did not mention any state or federal review of his conviction.  Those efforts do not even approach the specificity and persistent instructions of the *Holland* letters.  Accordingly, petitioner has not demonstrated his letters establish an "extraordinary circumstance" that prevented him from filing his petition.  *Id.* at 2562.

Similarly, petitioner's assertion that the Commonwealth's refusal to return his property delayed his filing does not satisfy the equitable tolling standard.  As discussed above, petitioner did not pursue his rights diligently during the limitations period.  *Id.* at 2562.  In addition, the Commonwealth's refusal to return his property does not rise to the level of an "exceptional circumstance" that stood in petitioner's way and prevented the timely filing of a petition.  *Id.* Petitioners seeking equitable tolling must establish a causal link between the extraordinary circumstance at issue and their filing delay.  *Id.* (noting that a petitioner must demonstrate that the extraordinary circumstance "prevented" timely filing).  The word "prevent" requires the petitioner to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that

cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Celikoski v. United States*, 21 F. App'x 19, 21 (1st Cir. 2001) (per curiam); *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000).

Here, petitioner has not demonstrated a causal relationship between the Commonwealth's failure to return his property and his filing delay. *Celikoski*, 21 F. App'x at 21. Ocampo sought the return of his property as early as September 19, 2005, and still sought that return as a remedy when he filed his petition on March 2, 2012. Because he was aware of the allegedly outstanding property before, and throughout, the limitations period, he could have diligently filed a petition within that period notwithstanding the Commonwealth's actions. *Celikoski*, 21 F. App'x at 21. Further, the circumstance that he alleges delayed his filing existed when he filed the present petition. *See Celikoski*, 21 F. App'x at 21. Equitable tolling based on the return of petitioner's property is therefore unwarranted.

Because petitioner's arguments regarding his letters and the Commonwealth's actions do not satisfy the standard set forth in *Holland*, equitable tolling is inappropriate. *Id.*; *Neverson*, 366 F.3d at 41.

### IV. Conclusion

In light of the foregoing analysis, the Court finds that petitioner failed to file his petition within the one-year limitations period, and that equitable tolling is inappropriate. Respondent's motion to dismiss is therefore GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: December 11, 2012